IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARK GRIFFIN, et al., | ) | CASE NO. 1:10CV1987 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | JUDGE CHRISTOPHER A. BOYKO |
| v. | ) | |
| | ) | |
| JOHN DOE, | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendant. | ) | |

Plaintiffs *pro se* Mark Griffin, Osiris Ali, Dave McGee and Artez Williams filed this action under the Civil Rights Act of 1871, 42 U.S.C. §1983 against Defendant John Doe, the Chief Executive Officer of the Acess Securepak Company. Also before the Court is Plaintiffs' Motion to Obtain True Name of the Defendant. (ECF 3). Plaintiffs are incarcerated in the Mansfield Correctional Institution located in Mansfield, Ohio. They assert that their Eighth Amendment right to be free from cruel and unusual punishment is being violated because the Ohio Department of Rehabilitation and Correction ("ODRC") allows the Acess Securepak Company a monopoly to supply sundry and food boxes at very high prices. Plaintiffs have included a State claim for negligence, and request damages and an injunction ordering the Acess Securepak Company and the ODRC to abolish the alleged monopoly.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the District Court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197

(6th Cir. 1996).  For the reasons stated below, this action is dismissed pursuant to section 1915(e).

The Eighth Amendment requires that convicted prisoners be provided "the minimal civilized measure of life's necessities." *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981). Life's necessities consist of shelter, sanitation, food, personal safety, medical care, and clothing. *Farmer v. Brennan*, 511 U.S. 825, 832, 834  (1994). "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Bey v. Luoma*, 2010 WL 889995 * 4 (W.D.Mich., Mar. 10, 2010) (quoting *Ivey v.Wilson*, 832 F.2d 950, 954 (6th Cir. 1987).

Plaintiffs claim does not amount to an Eighth Amendment violation. Prisoners have no constitutional right to purchase products at the same price as charged in retail stores. *Simpson v. Caruso*, 2009 WL 1010973 * 3 (W.D.Mich., Apr. 14, 2009). *See McCall v. Keefe Supply Co.,* 71 F. Appx. 779, 780 (10th Cir.2003) (allegation that prisoner was overcharged for goods at prison commissary failed to state a constitutional claim); *French v. Butterworth,* 614 F.2d 23, 25 (1st Cir.1980) (no legal basis exists for a demand that inmates be offered items for purchase at or near cost); *Canell v. Department of Corrections*, 2010 WL 1608856 * 6 (E.D.Wash., Apr. 19, 2010) (inmates do not have a constitutionally protected right to be able to purchase items from the commissary at a particular price or to prevent the charging of exorbitant prices);  *Jones v. Swanson Services Corp.*, 2009 WL 2151300 * 2 (M.D.Tenn., Jul 13, 2009) (inmates do not have a constitutionally protected right to purchase commissary items at low prices); *Floyd v. Emmet County Correctional Facility*,  2006 WL 1429536 * 4 (W.D.Mich., May 23, 2006) (prisoners have no constitutionally guaranteed right to purchase commissary items at the same or lower price than charged at regular retail stores).

For the reasons set forth above, this action is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2). Since the Court has dismissed the Federal claim, the State pendent claim is dismissed pursuant to 28 U.S.C. § 1367(c)(3). *Id*.

Accordingly, Plaintiffs' Motion to Obtain True Name of the Defendant is denied as moot. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Date: January 11, 2011                **S/Christopher A. Boyko**
                                                           JUDGE CHRISTOPHER A. BOYKO
                                                           UNITED STATES DISTRICT JUDGE